

# NUMBER 13-13-00688-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE MEERA SINGH AND SAM HOUSTON

## On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Benavides and Longoria
### Memorandum Opinion Per Curiam[1]

Relators, Meera Singh and Sam Houston, proceeding pro se, filed a document entitled "Petition for Preemptory Writ of Mandamus" in the above cause on December 9, 2013. The document is unclear regarding the specific actions or orders complained of or the nature of the relief sought by relators.[2] This Court previously dismissed an appeal filed by relators arising from the same trial court proceedings. *See Singh v.*

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

[2] Relators have requested leave to file the petition. Relators' request for leave to file the petition for writ of mandamus is dismissed as moot. The Texas Rules of Appellate Procedure no longer require a relator to file a motion for leave to file an original proceeding. *See generally* TEX. R. APP. P. 52 & cmt.

*Bank of Am., N.A.*, No. 13-13-00406-CV, 2013 WL 5970894, at *1 (Tex. App.—Corpus Christi Nov. 7, 2013, no pet. h.) (mem. op. per curiam).

To be entitled to the extraordinary relief of a writ of mandamus, the relators must show that the trial court abused its discretion and that there is no adequate remedy by appeal*. In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). The relators have the burden of establishing both prerequisites to mandamus relief, and this burden is a heavy one. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding); *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks.").

In addition to other requirements, the relators must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record*." See generally* TEX. R. APP. P. 52.3. In this regard, it is clear that relators must furnish an appendix or record sufficient to support their claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relators have not met their burden to obtain mandamus relief. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36. In fact, at the present time, the Court is unable to discern the nature of the

relief sought by relators. Accordingly, the petition for writ of mandamus and all relief

sought therein are DENIED. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Delivered and filed the
18th day of December, 2013.